UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

FREDRICO EMANUEL WOLFE,           :
                                  :
                  *Plaintiff,*    :
                                  :       CASE NO. 1:19-cv-00100
v.                                :
                                  :       Judge McDonough/Steger
CITY OF CHATTANOOGA,              :
OFFICER BENJAMIN PIAZZA,          :       JURY DEMAND
OFFICER AUSTIN SWAFFORD, and      :
OFFICER TYLER PEROCHI, or in the  :
alternatives OFFICER JOHN DOE 1,  :
and OFFICER JOHN DOE 2,           :
In their individual and           :
official capacities as agents     :
and employees of the City of      :
Chattanooga,                      :
                                  :
                  *Defendants.*   :

_____

## ANSWER OF DEFENDANT BENJAMIN PIAZZA
_____

COMES NOW the Defendant Benjamin Piazza, in his individual capacity, (hereinafter "Officer Piazza"), by and through his counsel of record, Lance W. Pope, and for answer to Plaintiff's initial Complaint styled against him, states as follows:

<u>ANSWER TO FACTS ALLEGED IN THE COMPLAINT</u>

1.      To the extent that a response is required regarding the allegations contained in Paragraph 1, Officer Piazza denies that Plaintiff's rights have been violated under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, other statutory and common law of the State of Tennessee or any other basis of liability.

2.      To the extent a response is required regarding the allegations in Paragraph 2, Officer Piazza denies the allegations.

1

3.     To the extent a response is required regarding the allegations in Paragraph 3, Officer Piazza denies the allegations.

4.     To the extent a response is required regarding the allegations in Paragraph 4, Officer Piazza denies the allegations.

5.     To the extent a response is required regarding the allegations in Paragraph 5, Officer Piazza denies the allegations.

6.     To the extent a response is required regarding the allegations in Paragraph 6, Officer Piazza denies the allegations.

## JURISDICTION AND VENUE

7.     Regarding the allegations contained in Paragraph 7, Officer Piazza admits that this Court has subject matter jurisdiction over all federal and state law claims in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1441.

8.     Regarding the allegations contained in Paragraph 8, Officer Piazza admits that Plaintiff has alleged that certain acts occurred in Hamilton County, and, thus, venue is proper in this District Court.  Officer Piazza is without sufficient information or knowledge to admit or deny the allegation that Plaintiff is a resident of Hamilton County; therefore, for purposes of this Answer, these allegations are denied.  Officer Piazza admits subparagraphs (b) and (c) of Paragraph 8.

## THE PARTIES

9.     Regarding the allegations contained in Paragraph 9, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

10.     Officer Piazza admits the City of Chattanooga is a political sub-division of the State of Tennessee.  Regarding the remaining allegations contained in Paragraph 10, subparagraphs (a)

and (b), Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

11.     Officer Piazza admits the Chattanooga Police Department is a law enforcement agency.  Regarding the remaining allegations contained in Paragraph 11, Subparagraphs (a), (b), (c), (d) and (e), Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

12.     Regarding the allegations contained in Paragraph 12, Officer Piazza admits that he was employed by the City on March 10, 2018.  Officer Piazza also admits that he acted in his official capacity as an agent and employee as defined by Tenn. Code Ann. § 29-20-102.  All other allegations herein are denied.

13.     Paragraph 13 states a legal conclusion to which no response is required.

14.     Paragraph 14 states a legal conclusion to which no response is required.

## FACTUAL BASIS OF COMPLAINT

15.     Officer Piazza admits the allegations in Paragraph 15.

16.     Officer Piazza denies the allegations in Paragraph 16.

17.     Officer Piazza denies the allegations in Paragraph 17.

18.     Officer Piazza admits he drew his hand gun during the traffic stop of Plaintiff.  Officer Piazza denies all other allegations herein.

19.     Officer Piazza denies the allegations in Paragraph 19.

20.     Officer Piazza admits that he ordered Plaintiff to exit Plaintiff's car.  Officer Piazza admits that he ordered Plaintiff to place Plaintiff's hands on Plaintiff's car.  Officer Piazza denies all other allegations herein.

21.     Officer Piazza denies the allegations in Paragraph 21.

22.     Officer Piazza denies the allegations in Paragraph 22.

3

23.     Officer Piazza denies the allegations in Paragraph 23.

24.     Officer Piazza admits striking Plaintiff.  Officer Piazza denies the other allegations herein.

25.     Officer Piazza denies the allegations in Paragraph 25.

26.     Officer Piazza denies the allegations in Paragraph 26.

27.     Officer Piazza admits that Officer Swafford and Officer Perochi took no actions to stop or restrain Officer Piazza's lawful use of force against Plaintiff.  Officer Piazza denies the other allegations herein.

28.     Officer Piazza is without sufficient information or knowledge to admit or deny the allegations in Paragraph 28.

29.     Officer Piazza admits that he seized $805.26 from Plaintiff.  Officer Piazza denies the other allegations herein.

30.     The allegations contained in Paragraph 30 are denied as to Officer Piazza.  Officer Piazza is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

31.     Officer Piazza admits that he charged Plaintiff with two counts of tampering with evidence, two counts of drug possession, driving under the influence, violation of the implied consent law, resisting arrest and speeding.  Officer Piazza denies he falsely charged the Plaintiff.

32.     Officer Piazza denies the allegations in Paragraph 32.

33.     Officer Piazza denies the allegations in Paragraph 33.

34.     Officer Piazza admits that Sgt. Michael Newton was his supervisor.  Officer Piazza is without sufficient information or knowledge to admit or deny the other allegations herein.

35.     Regarding the allegations contained in Paragraph 35, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

36.     Regarding the allegations contained in Paragraph 36, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

37.     Regarding the allegations contained in Paragraph 37, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

38.     Regarding the allegations contained in Paragraph 38, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

39.     Officer Piazza admits portions of his dash cam and body cam videos from March 10, 2018 were released to the public.  Officer Piazza denies the other allegations herein.

40.     Regarding the allegations contained in Paragraph 40, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

41.     Officer Piazza admits he was placed on paid leave on or about January 18, 2019. Officer Piazza is without sufficient information or knowledge to admit or deny the other allegations contained herein.

42.     Officer Piazza admits he presented cases, bound over before January 18, 2019, to the Hamilton County Grand Jury on January 23, 2019.  Officer Piazza is without sufficient information or knowledge to admit or deny the other allegations contained herein.

43.     Regarding the allegations contained in Paragraph 43, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

44.     Regarding the allegations contained in Paragraph 44, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

45.     Officer Piazza admits the allegations in Paragraph 45.

46.     Regarding the allegations contained in Paragraph 46, Officer Piazza is without sufficient information or knowledge to admit or deny these allegations.

## FACTUAL BASIS - CITY LIABILITY

47.     The allegations in Paragraph 47 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

48.     The allegations contained in Paragraph 48 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

49.     The allegations contained in Paragraph 49 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

50.     The allegations contained in Paragraph 50 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

51.     The allegations contained in Paragraph 51 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

52.     The allegations in Paragraph 52 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

53.     The allegations in Paragraph 53 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

54.     The allegations in Paragraph 54 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

55.     The allegations in Paragraph 55 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

56.     The allegations in Paragraph 56 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

57.     The allegations in Paragraph 57 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

58.     The allegations in Paragraph 58 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

59.     The allegations in Paragraph 59 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

60.     The allegations in Paragraph 60 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

61.     The allegations in Paragraph 61 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

62. The allegations in Paragraph 62 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

63. The allegations contained in Paragraph 63 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

64. The allegations contained in Paragraph 64 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

65. The allegations in Paragraph 65 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

66. The allegations in Paragraph 66 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

67. The allegations in Paragraph 67 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

68. The allegations contained in Paragraph 68 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

69. The allegations contained in Paragraph 69 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

8

70.     The allegations contained in Paragraph 70 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

71.     The allegations contained in Paragraph 71 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

72.     The allegations contained in Paragraph 72 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

73.     The allegations contained in Paragraph 73 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

74.     The allegations contained in Paragraph 74 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

75.     The allegations in Paragraph 75 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

76.     The allegations contained in Paragraph 76 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

77.     The allegations in Paragraph 77 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

9

78.     The allegations contained in Paragraph 78 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

79.     The allegations contained in Paragraph 79 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

80.     The allegations contained in Paragraph 80 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

81.     The allegations in Paragraph 81 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

82.     The allegations in Paragraph 82 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

83.     The allegations contained in Paragraph 83 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

84.     The allegations in Paragraph 84 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

85.     The allegations in Paragraph 85 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

10

86. The allegations contained in Paragraph 86 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

87. The allegations in Paragraph 87 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

88. The allegations in Paragraph 88 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

89. Officer Piazza answers the allegations in Paragraph 89 and its Subparagraphs as follows:

[a]. Admitted

[b]. Officer Piazza admits an internal affairs allegation was sustained on May 16, 2017. Officer Piazza admits that he received a 160-hour suspension and 1-year FTO suspension.

[c]. Officer Piazza admits an internal affairs allegation was sustained on May 16, 2017. Officer Piazza admits that he received a 160-hour suspension and 1-year FTO suspension.

[d]. Officer Piazza admitts that he received complaints during his employment with that Chattanooga Police Department. Officer Piazza denies these complaints were founded.

90. The allegations contained in Paragraph 90 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

91. The allegations contained in Paragraph 91 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

92.     The allegations contained in Paragraph 92 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

93.     The allegations contained in Paragraph 93 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

94.     The allegations contained in Paragraph 94 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

95.     The allegations contained in Paragraph 95 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

96.     The allegations contained in Paragraph 96 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

97.     The allegations contained in Paragraph 97 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

98.     The allegations contained in Paragraph 98 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

99.     The allegations contained in Paragraph 99 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza is without sufficient information or knowledge to admit or deny the allegations.

100.     The allegations in Paragraph 100, including Subparagraphs (a), (b) and (c), are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

101.     The allegations in Paragraph 101 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

102.     The allegations in Paragraph 102 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

103.     The allegations in Paragraph 103 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

COUNT ONE: VIOLATION OF CIVIL RIGHTS
UNDER COLOR OF LAW 42 U.S.C. § 1983 – UNREASONABLE SEIZUE BY EXCESSIVE FORCE

104.     In response to Paragraph 104, Officer Piazza reasserts and incorporates his responses as set forth herein.

105.     Paragraph 105 contains a statement of law.  No response is necessary from Officer Piazza.

106.     The allegations contained in Paragraph 106 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies the allegations contained herein.

107.     Officer Piazza denies the allegations contained in Paragraph 107.

108.     Officer Piazza denies the allegations contained in Paragraph 108.

13

109.     Officer Piazza denies the allegations contained in Paragraph 109.

110.     The allegations in Paragraph 110 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

111.     The allegations in Paragraph 111 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

112.     The allegations in Paragraph 112 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

113.     The allegations in Paragraph 113 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

114.     The allegations in Paragraph 114 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

115.     The allegations in Paragraph 115 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

116.     Officer Piazza denies the allegations contained in Paragraph 116.

117.     Paragraph 117 states a legal conclusion to which no response is required.

118.     Officer Piazza denies the allegations contained in Paragraph 118.

119. The allegations in Paragraph 119 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

## COUNT TWO: VIOLATION OF CIVIL RIGHTS
## UNDER COLOR OF LAW 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

120. In response to Paragraph 120, Officer Piazza reasserts and incorporates his responses as set forth herein.

121. Officer Piazza denies the allegations contained in Paragraph 121.

122. Officer Piazza denies the allegations contained in Paragraph 122.

123. Officer Piazza denies the allegations contained in Paragraph 123.

124. The allegations in Paragraph 124 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

125. The allegations in Paragraph 125 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

126. Officer Piazza denies the allegations contained in Paragraph 126.

127. Paragraph 127 states a legal conclusion to which no response is required.

128. Officer Piazza denies the allegations contained in Paragraph 128.

129. The allegations in Paragraph 129 are directed at the City and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

## COUNT THREE: VIOLATION OF CIVIL RIGHTS
## UNDER COLOR OF LAW 42 U.S.C. § 1983 – FAILURE TO PROTECT AND RENDER AID

130.     In response to Paragraph 130, Officer Piazza reasserts and incorporates his responses as set forth herein.

131.     The allegations contained in Paragraph 131 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies the allegations contained herein.

132.     The allegations contained in Paragraph 132 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies the allegations contained herein.

133.     Officer Piazza denies the allegations contained in Paragraph 133.

134.     Officer Piazza denies the allegations contained in Paragraph 134.

135.     The allegations in Paragraph 135 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

136.     The allegations in Paragraph 136 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

137.     The allegations in Paragraph 137 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

138.     The allegations contained in Paragraph 48 are not directed at Officer Piazza and no response from Officer Piazza is required. To the extent a response is required, Officer Piazza denies the allegations contained herein.

139.     The allegations in Paragraph 139 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

140.     The allegations in Paragraph 140 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

141.     Officer Piazza denies the allegations contained in Paragraph 141.

142.     Paragraph 142 states a legal conclusion to which no response is required.

143.     Officer Piazza denies the allegations contained in Paragraph 143.

144.     The allegations in Paragraph 144 are directed at the City and no response from Officer Piazza is required.  To the extent a response is required, Officer Piazza denies that he is liable to Plaintiff on any of the Plaintiff's claims or any other theory of liability.

COUNT FOUR: COMMON LAW BATTERY

145.     In response to Paragraph 145, Officer Piazza reasserts and incorporates his responses as set forth herein.

146.     Officer Piazza denies the allegations contained in Paragraph 146.

147.     Officer Piazza denies the allegations contained in Paragraph 147.

148.     Officer Piazza denies the allegations contained in Paragraph 148.

149.     Paragraph 149 states a legal conclusion to which no response is required.

COUNT FIVE: COMMON LAW ASSAULT

150.     In response to Paragraph 150, Officer Piazza reasserts and incorporates his responses as set forth herein.

151.     Officer Piazza denies the allegations contained in Paragraph 151.

152.     Officer Piazza denies the allegations contained in Paragraph 152.

17

153. Officer Piazza denies the allegations contained in Paragraph 153.

154. Paragraph 154 states a legal conclusion to which no response is required.

COUNT SIX: INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

155. In response to Paragraph 155, Officer Piazza reasserts and incorporates his responses as set forth herein.

156. Officer Piazza denies the allegations contained in Paragraph 156.

157. Officer Piazza denies the allegations contained in Paragraph 157.

158. Officer Piazza denies the allegations contained in Paragraph 158.

159. Plaintiff omitted Paragraph 159.

160. Paragraph 160 states a legal conclusion to which no response is required.

COUNT SEVEN: MALICIOUS PROSECUTION

161. In response to Paragraph 161, Office Piazza reasserts and incorporates his responses as set forth herein.

162. Officer Piazza denies the allegations contained in Paragraph 162.

163. Officer Piazza denies the allegations contained in Paragraph 163.

164. Paragraph 164 states a legal conclusion to which no response is required.

COUNT EIGHT: FALSE ARREST

165. In response to Paragraph 165, Officer Piazza reasserts and incorporates his responses as set forth herein.

166. Officer Piazza denies the allegations contained in Paragraph 166.

167. Officer Piazza denies the allegations contained in Paragraph 167.

168. Officer Piazza denies the allegations contained in Paragraph 168.

169. Paragraph 169 states a legal conclusion to which no response is required.

a.      In response to Subparagraph (a), Officer Piazza denies that Plaintiff is entitled to damages.

b.      In response to Subparagraph (b), Officer Piazza denies that Plaintiff is entitled to attorneys' fees.

c.      In response to Subparagraph (c), Officer Piazza denies that Plaintiff is entitled to costs and discretionary costs.

d.      In response to Subparagraph (d), Officer Piazza denies that Plaintiff is entitled to any other relief.

e.      In response to Subparagraph (e), Officer Piazza denies that Plaintiff is entitled to other relief pursuant to 42 U.S.C. § 1988.

f.      Subparagraph (f) states a legal conclusion to which no response is required.

## FIRST DEFENSE

The Complaint fails to state a claim against Officer Piazza upon which relief can be granted.

## SECOND DEFENSE

Officer Piazza is immune from liability pursuant to the Tennessee Governmental Tort Liability Act "TGTLA" (T.C.A. § 29-20-101 *et seq.*) for any negligent act or omission for which the immunity of the government entity is removed by the TGTLA.

## THIRD DEFENSE

Officer Piazza denies that he deprived Plaintiff of any of his constitutional rights or that Officer Piazza, in his individual capacity, in any way violated 42 U.S.C. §§ 1983 or 1988, the United States Constitution or statutory or common laws of the State of Tennessee as a result of any actions taken against Plaintiff.  Officer Piazza would further show that he took no illegal or

19

discriminatory action towards Plaintiff.

## FOURTH DEFENSE

Officer Piazza submits that he enjoys qualified immunity for certain actions as a police officer of the City as he was acting pursuant to duly enacted laws of the City and the State of Tennessee. Officer Piazza states that at all times he was acting in good faith and denies that his conduct violated any clearly established state or federal statutory or constitutional law.

## FIFTH DEFENSE

No claim may be brought against any City employees or judgment entered against its employees for any injury proximately caused by an act or omission of an employee within the scope of employee's employment and in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

## SIXTH DEFENSE

Officer Piazza would submit that any punitive damages claimed against him is not supported by the facts pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.

## SEVENTH DEFENSE

To the extent that Plaintiff has attempted to allege a negligence claims against Officer Piazza, Plaintiff is barred from recovery under a negligence theory pursuant to the doctrine of comparative fault because the Plaintiff is at least fifty (50%) percent at fault for any alleged injuries or damages sustained by the Plaintiff.

## EIGHTH DEFENSE

Officer Piazza would submit that there has been an insufficient service of process as the Summons and Complaint were not properly served as provided by law.

## NINTH DEFENSE

Officer Piazza had probable cause to arrest Plaintiff for possession of drugs, tampering with evidence, driving under the influence, implied consent violation, resisting arrest and to cite the Plaintiff for speeding and improper driving on a roadway laned for traffic and avers these facts in his defense of Plaintiff's claims.

## TENTH DEFENSE

All Defendants deny that any of them engaged in any conspiracy to violate any of the constitutional rights of the Plaintiff in violation of 42 U.S.C. § 1985

## ELEVENTH DEFENSE

At all material times, Officer Piazza was justified in his actions under Tennessee Law pursuant to the following:

A.      T.C.A. §39-11-601 – Justification;

B.      T.C.A. § 39-11-609 – Necessity;

C.      T.C.A. § 39-11-610 – Public Duty;

D.      T.C.A. § 39-11-611 – Self Defense;

E.      T.C.A. § 39-11-612 – Defense of Another;

F.      T.C.A. §39-11-620 – Deadly Force, Law Enforcement Officers;

G.      T.C.A. § 39-11-622 – Use of Force, Civil Immunity.

## TWELFTH DEFENSE

Officer Piazza reserves the right to amend this Answer and assert additional defenses.

**WHEREFORE**, having fully answered, Officer Piazza prays that this cause filed against him be dismissed and that he be allowed to recover reasonable costs and attorneys' fees.

Respectfully submitted,

**PATRICK, BEARD, SCHULMAN
& JACOWAY, P.C.**

*/s/ Lance W. Pope*
Lance W. Pope, BPR #025054
*Attorney for Defendant Benjamin Piazza*
536 Market Street, Suite 202
Chattanooga, TN 37402
lpope@pbsjlaw.com
(423) 756-7117 Phone
(423) 267-5032 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was filed electronically. Notice of

this filing will be sent by operation of the Court's electronic filing system to all parties indicated

on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may

access this filing through the Court's electronic filing system.

This 1st day of May, 2019.

/s/    *Lance W. Pope*
LANCE W. POPE