UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| FREDRICO EMANUEL WOLFE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO. 1:19-cv-00100-HSM-SKL |
| CITY OF CHATTANOOGA, | : | |
| OFFICER BENJAMIN PIAZZA, | : | |
| OFFICER AUSTIN SWAFFORD, and | : | |
| OFFICER TYLER PEROCCHI, or in the | : | |
| alternatives OFFICER JOHN DOE 1 and | : | |
| OFFICER JOHN DOE 2, In Their | : | |
| Individual and Official Capacities As | : | |
| Agents and Employees of the City | : | |
| of Chattanooga, | : | |
| | : | |
| Defendants. | : | |

ANSWER OF CITY OF CHATTANOOGA AND
OFFICER BENJAMIN PIAZZA, OFFICER AUSTIN SWAFFORD,
AND OFFICER TYLER PEROCCHI, IN THEIR OFFICIAL CAPACITIES

COME NOW the Defendants City of Chattanooga and Officer Benjamin Piazza, Officer Austin Swafford, and Officer Tyler Perocchi, in their official capacities (collectively, "City"), by and through counsel, file this Answer to Plaintiff's Complaint styled against them stating the following:

FIRST DEFENSE

The Complaint fails to state a claim against City upon which relief can be granted.

SECOND DEFENSE

For answer to the specific allegations of Plaintiff's Complaint, City states as follows:

1

1. City states that no answer is required of it as to the allegations contained in Paragraphs 1, 2, 3, 4, 5, and 6 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

2. Regarding the allegations contained in Paragraphs 7 and 8 of Plaintiff's Complaint, City states that this Court has subject matter jurisdiction of Plaintiff's claims and that venue is appropriate. Other than as stated herein, the allegations in Paragraphs 7 and 8 are denied.

3. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint; therefore, for purposes of this Answer, these allegations are denied.

4. City admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

5. In response to the allegations contained in Paragraph 11 of the Plaintiff's Complaint, City states that it has general duties to provide for training, certification, and discipline of its employees under state and federal law. Other than as stated herein, the allegations are denied.

6. City admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

7. City states that no answer is required of it as to the allegations contained in Paragraph 13 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied. In father response to Paragraph 12, City states that it complied with all laws regarding the dissemination of information under applicable Tennessee law.

8. City states that no answer is required of it as to the allegations contained in Paragraph 14 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case; however, City denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff in its governmental capacity under any theory whatsoever.

9. City admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

10. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, and 38 of Plaintiff's Complaint as the incident in suit is being investigated by the Tennessee Bureau of Investigation ("TBI") and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

11. City denies the allegations contained in Paragraphs 34, 37, 41, 43, and 47 of Plaintiff's Complaint.

12. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint; therefore, for purposes of this Answer, these allegations are denied.

13. In response to Paragraph 40 of Plaintiff's Complaint, City admits that Chief David Roddy made a public statement about a video that had not previously been reviewed by any CPD Chief. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint relating to the date of the statement or as to any perceptions that a person might have formed relating thereto; therefore, for purposes of this

Answer, these allegations are denied. Other than as stated herein, the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

14. City is without sufficient information or knowledge to admit or deny the allegation regarding the dates stated in Paragraphs 44, 45, and 46 of Plaintiff's complaint; therefore, for purposes of this Answer, these allegations are denied. City admits the remaining allegations of Paragraphs 44, 45, and 46 of Plaintiff's complaint.

15. In response to Paragraph 42 of Plaintiff's Complaint, City states that Defendant Piazza was initially placed on administrative leave and then on modified duty taking reports of incidents by telephone after the incident was brought to the attention of Chief Roddy. In further response to Paragraph 42 of Plaintiff's Complaint, City admits that Defendant Piazza presented his cases to the grand jury. City is without sufficient information or knowledge to admit or deny the allegations regarding report numbers and completion dates contained in Paragraph 42 of Plaintiff's Complaint; therefore, for purposes of this Answer, these allegations are denied.

16. City denies all allegations entitled "Factual Basis-City Liability set forth in Paragraphs 48 through and including 88 and Paragraphs 90 through and including 103. City would submit that Plaintiff has included a collage of unrelated incidents and lawsuits filed by Plaintiff's current counsel and others that do not in any way establish any unconstitutional policies, customs or practices adopted by any City policymaker. All such allegations are denied and strict proof is demanded thereof in the trial of this cause to the extent this Court determines them to be material and relevant to any claims against the City.

17. In response to Paragraph 89 of Plaintiff's Complaint, City admits that Defendant Piazza has in the past been disciplined by CPD and that some unsustained allegations of rudeness

and excessive force have been made. The City admits that Defendant Piazza has been disciplined by the Police Chief in accordance when warranted after Internal Affairs investigations and due process hearings. Other than as stated herein, the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint are denied.

COUNT ONE: VIOLATION OF CIVIL RIGHTS
COLOR OF LAW 42 U.S.C. § 1983 –
<u>UNREASONABLE SEIZURE BY EXCESSIVE FORCE</u>

18. In response to Paragraph 104 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-103 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

19. In response to Paragraph 105 of Plaintiff's Complaint, City admits that Defendant Piazza, in his individual capacity, had a general duty to refrain from using excessive force against a person being arrested and to comply with department policy on use of force. Other than as stated herein, Paragraph 105 of Plaintiff's Complaint is denied.

20. In response to Paragraph 106 of Plaintiff's Complaint, City admits that Defendants Swafford and Perocchi, in their individual capacities, had a general duty to report misconduct of other CPD police officers to their chain of command and to comply with department policy based on necessary reports.. Other than as stated herein, Paragraph 106 of Plaintiff's Complaint is denied.

21. City is without sufficient information or knowledge to admit or deny the allegations contained in Count One at Paragraphs 107, 108, 109, 114, 116, 118, and 119 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied. The City does not authorize its officers to apply

unlawful force or to fail to report misconduct which would not comply with department policy as determined by actions of reasonable law enforcement officers and any such allegations are denied. City further denies that it failed to discipline officers where warranted after investigation or engaged in deliberate indifference in the investigation or discipline of its employees as set forth in the Plaintiff's Complaint.

**22.** In response to Paragraph 110 of Plaintiff's Complaint, City admits that it had a general duty to properly train its officers to intervene when fellow officers used excessive force, and it had an affirmative duty to ensure that its officers were properly trained in the use of force. Other than as stated herein, the allegations in Paragraph 110 are denied.

**23.** In response to Paragraph 111 of Plaintiff's Complaint, City admits that it had a general duty to ensure that it did not retain officers with a propensity to commit unconstitutional levels of violence towards citizens; who fabricate evidence and who display odd and aberrant behaviors. Other than as stated herein, the allegations in Paragraph 111 are denied.

**24.** In response to Paragraph 112 of Plaintiff's Complaint, City admits that it had a general duty to properly investigate all reports of officer misconduct and to take action against any offending officer in order to protect the public in general. Other than as stated herein, the allegations in Paragraph 112 are denied.

25. In response to Paragraph 113 of Plaintiff's Complaint, City admits that it had a general duty to properly and fully investigate all use of force reports written by Chattanooga police officers. Other than as stated herein, the allegations in Paragraph 113 are denied.

26. The allegations contained in Paragraph 115 are denied.

27. City states that no answer is required of it as to the allegations contained in Paragraph 117 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied.

COUNT TWO: VIOLATION OF CIVIL RIGHTS
COLOR OF LAW 42 U.S.C. § 1983 –
<u>MALICIOUS PROSECUTION</u>

28. In response to Paragraph 120 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-119 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

29. In response to the first sentence of Paragraph 121 of Plaintiff's Complaint, City admits that its police officers have a general duty to refrain from making false criminal charges against people. City is without sufficient information or knowledge to admit or deny the allegations contained in the second sentence of Paragraph 121 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied. Other than as stated herein, the allegations in Paragraph 121 are denied.

30. City denies the allegations contained in Paragraphs 122, 124, 125, 126, and 129 of Plaintiff's Complaint.

31. City states that the allegations contained in Paragraph 123 are unintelligible. To the extent that an answer is required of City, City denies Paragraph 123.

32. City states that no answer is required of it as to the allegations contained in Paragraph 127 of Plaintiff's Complaint as they are simple allegations relating to the theory under

which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

33. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 128 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied. Other than as stated herein, the allegations in Paragraph 128 are denied.

## COUNT THREE: VIOLATION OF CIVIL RIGHTS COLOR OF LAW 42 U.S.C. § 1983 – FAILURE TO PROTECT AND RENDER AID

34. In response to Paragraph 130 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-129 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

35. In response to Paragraph 131 of Plaintiff's Complaint, City admits that its police officers have a general duty to intervene and prevent another officer from using excessive force against a person. Other than as stated herein, City is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 131 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

36. In response to Paragraph 132 of Plaintiff's Complaint, City admits that Defendants Swafford and Perocchi, in their individual capacities, had a general duty to report misconduct of

other CPD police officers to their chain of command. Other than as stated herein, Paragraph 132 of Plaintiff's Complaint is denied.

37. City denies that allegations as stated in Paragraphs 133 and 134 of Plaintiff's Complaint.

38. In response to Paragraph 135 of Plaintiff's Complaint, City admits that it had a general duty to properly train its officers to intervene when fellow officers used excessive force, and it had an affirmative duty to ensure that its officers were properly trained in the use of force. Other than as stated herein, the allegations in Paragraph 135 are denied.

39. In response to Paragraph 136 of Plaintiff's Complaint, City admits that it had a general duty to not retain officers with a propensity to commit unconstitutional levels of violence towards citizens; who fabricate evidence and who display odd and aberrant behaviors. Other than as stated herein, the allegations in Paragraph 136 are denied.

40. In response to Paragraph 137 of Plaintiff's Complaint, City admits that it had a general duty to properly investigate all reports of officer misconduct and to take action against any offending officer in order to protect the public in general. Other than as stated herein, the allegations in Paragraph 137 are denied.

41. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 138 and 143 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

42. City denies the allegations as stated in Paragraphs 139, 140, 141 and 144 of Plaintiff's Complaint regarding continued employment, failure to discipline, or creating an

atmosphere that City employees were not subject to discipline or that any City policymaker engaged in deliberate indifference.

43. City states that no answer is required of it as to the allegations contained in Paragraph 142 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

## COUNT FOUR: COMMON LAW BATTERY

44. In response to Paragraph 145 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-144 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

45. City is without sufficient information or knowledge to admit or deny the allegations as to the individual defendants contained in Paragraphs 146, 147, and 148 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

46. City states that no answer is required of it as to the allegations contained in Paragraph 149 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

## COUNT FIVE: COMMON LAW ASSAULT

47. In response to Paragraph 150 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-149 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

48. City is without sufficient information or knowledge to admit or deny the allegations as to the individual defendants contained in Paragraphs 151, 152, and 153 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

49. City states that it is immune from any claim of common law assault based on the facts set forth in Count Five and that no answer is required of it as to the allegations contained in Paragraph 154 of Plaintiff's Complaint, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

## COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. In response to Paragraph 155 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-154 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

51. City is without sufficient information or knowledge to admit or deny the allegations as to the individual defendants contained in Paragraphs 156, 157, and 158 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation

of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

52. City states that it is immune from any claim of intentional infliction of emotional distress based on the facts set forth in Count Six and no answer is required of it, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

## COUNT SEVEN: MALICIOUS PROSECUTION

53. In response to Paragraph 161 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-160 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

54. City is without sufficient information or knowledge to admit or deny the allegations against Defendant Piazza contained in Paragraphs 162 and 163 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

55. City states that it is immune and no answer is required of it as to the allegations contained in Paragraph 164 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

## COUNT EIGHT: FALSE ARREST

56. In response to Paragraph 165 of Plaintiff's Complaint, City incorporates by reference its previous responses to Paragraphs 1-164 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

57. City is without sufficient information or knowledge to admit or deny the allegations against the individual defendants contained in Paragraphs 166, 167, and 168 of Plaintiff's Complaint as the incident in suit is being investigated by the TBI and City cannot complete its investigation of the incident until the TBI has concluded its investigation; therefore, for purposes of this Answer, these allegations are denied.

58. City states that it is immune and no answer is required of it as to the allegations contained in Paragraph 169 of Plaintiff's Complaint as they are simple allegations relating to the theory under which Plaintiff brings this case, but to the extent that an answer may be required, these allegations are denied and City further denies that that Plaintiff's Complaint states a claim for relief or that City is liable to the Plaintiff under any theory whatsoever.

59. City states that no answer is necessary from it with respect to the prayer for relief, but to the extent that an answer may be required, City denies that it is liable to Plaintiff for any damages in any amount whatsoever. City states that it is not liable for any punitive damages as a matter of law.

60. All other allegations of the Plaintiff's Complaint not heretofore admitted, explained or denied are hereby specifically denied and City demands strict proof thereof.

## **THIRD DEFENSE**

City specifically asserts all defenses applicable to it under the Tennessee Governmental

Tort Liability Act "TGTLA", T.C.A. § 29-20-101 *et seq*., and incorporates by reference herein all defenses specified therein. In particular, City relies upon the following provisions:

    A.    T.C.A. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

        i.    T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

        ii.    T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

        iii.    T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

        iv.    T.C.A. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

    B.    T.C.A. § 29-20-307 provides for the right to trial without a jury; and

    C.    T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of the date of the incident in suit.

## FOURTH DEFENSE

City denies that it violated the Plaintiff's constitutional rights or that City violated 42 U.S.C. §§1983 or 1988 in any actions taken toward the Plaintiff.

**FIFTH DEFENSE**

City asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

**SIXTH DEFENSE**

Defendants Piazza, Swafford, and Perocchi, in their official capacities, are immune from liability and not proper parties under the TGTLA for any negligent act or omission for which the immunity of the governmental entity is removed by the TGTLA.

**SEVENTH DEFENSE**

City denies that any claim by Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of City. City would assert that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205(2).

**EIGHTH DEFENSE**

City would show that there was no illegal or discriminatory action taken by Defendants Piazza, Swafford, and Perocchi, in their official capacities, towards Plaintiff and no actions by these officers occurred as a result of any unconstitutional policy, custom, or practice adopted by City.

**NINTH DEFENSE**

City states that it cannot be held liable for any damages asserted by Plaintiff claimed on the grounds that any alleged injuries sustained by Plaintiff were not proximately caused by or

directly related to any unconstitutional policy, custom or practice of City. City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. Moreover, City asserts that none of the actions of Defendants Piazza, Swafford, and Perocchi, in their official capacities, violated any statutory or common laws of the State of Tennessee.

### **TENTH DEFENSE**

City would assert that no claim may be brought against any of its employees or judgment entered against its employees under the TGTLA for any injury proximately caused by any negligent act or omission of an employee within the scope of employee's employment and in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

### **ELEVENTH DEFENSE**

City will show that it was not deliberately indifferent in providing any training or supervision of its officers in connection with this incident.

### **TWELFTH DEFENSE**

City and Defendants Piazza, Swafford, and Perocchi, in their official capacities, would submit that they cannot be subject to punitive damages in this case as a matter of law.

### **THIRTEENTH DEFENSE**

To the extent that Plaintiff has attempted to allege a negligence claims against Defendants, Plaintiff is barred from recovery under a negligence theory pursuant to the doctrine of comparative fault because the Plaintiff is at least fifty (50%) percent at fault for any alleged injuries or damages sustained by the Plaintiff.

**FOURTEENTH DEFENSE**

City will establish that it properly trained and supervised its employees above and beyond the standards required under Tennessee law. The City of Chattanooga will establish that there was no negligent training or supervision of its officers on or before March 10, 2018, which proximately caused any injury or damages to the Plaintiff.

**FIFTEENTH DEFENSE**

City reserves the right to assert any additional defense which its investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

WHEREFORE, having fully answered, Defendant City of Chattanooga ("City") and Defendants Officer Benjamin Piazza, Officer Austin Swafford, and Officer Tyler Perocchi, in their official capacities, pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorneys' fees.

    Respectfully submitted,

    CITY OF CHATTANOOGA, TENNESSEE
    OFFICE OF THE CITY ATTORNEY


By:     s/ *Keith J. Reisman*
   PHILLIP A. NOBLETT - BPR #10074
   *City Attorney*
   KEITH J. REISMAN – BPR #026974
  *Assistant City Attorney*
   100 East 11th Street, Suite 200
   Chattanooga, TN 37402
   (423) 643-8250

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 1st day of May, 2019.

                                                    s/ *Keith J. Reisman*
                                                  KEITH J. REISMAN

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
kreisman@chattanooga.gov